1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RANDALL HOUSEMAN,                          No.  2:13-cv-0887 CKD P

12                 Plaintiff,

13          v.                                  ORDER

14   M. CATES, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Plaintiff has consented to this court's jurisdiction.  (ECF No. 4.)

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

25   the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2           The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13   Cir. 1989); Franklin, 745 F.2d at 1227.

14          In order to avoid dismissal for failure to state a claim a complaint must contain more than

15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

19   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

22   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

23   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

24   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974).

26          Here, plaintiff alleges that prison officials at Mule Creek State Prison failed to protect him

27   from another inmate, McCurry, who assaulted and attempted to murder him on June 21, 2010.

28

                                                        2

1    (ECF No. 1 ("Compl.") at 5-6.[1])   Plaintiff alleges that McCurry was listed on plaintiff's

2    confidential "enemies list" kept in his central file.  (Id. at ¶ 18.)  However, records attached to the

3    complaint indicate that McCurry was only documented as plaintiff's enemy after the alleged

4    assault.[2] (Id. at 22-25.)  Plaintiff further alleges that unnamed prison officials were aware that he

5    had given information to investigators about the murder of another inmate, Hill, and that

6    "McCurry was named in the information given by plaintiff."  (Id. at 17.)  As a result, plaintiff was

7    in danger of being assaulted by McCurry, who was housed in the same yard as plaintiff.  (Id.)

8           Under the Eighth Amendment, "prison officials have a duty to protect prisoners from

9    violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal

10   quotation marks, ellipsis, and citation omitted).   However, "not . . . every injury suffered by one

11   prisoner at the hands of another . . . translates into constitutional liability for prison officials

12   responsible for the victim's safety."  Id. at 834.  A prison official may be held liable for an assault

13   suffered by one inmate at the hands of another only where the assaulted inmate can show that the

14   injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of

15   harm.  Id. at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting with

16   deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to

17   his future health." Id. at 834 (internal quotation omitted).  To be deliberately indifferent, the

18   "official must both be aware of facts from which the inference could be drawn that a substantial

19   risk of serious harm exists, and he must also draw the inference." Id.

20          In this case, plaintiff does not plausibly allege that any defendant knew or had reason to

21   know that plaintiff was at risk of harm from McCurry prior to June 21, 2010.  He does not allege

22   that he told any defendant he felt threatened by McCurry or that he sought to be housed separately

23   from McCurry prior to the alleged assault.  Nor does plaintiff specifically allege that any prison

---

24   [1] Page citations refer to page numbers assigned by the court's docketing system.

25

26   [2] In screening a complaint, as upon consideration of a motion to dismiss pursuant to Rule
     12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits
     attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group,

27   Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks
     omitted).

28

1   official named as a defendant knew of plaintiff's statements to investigators or knew that plaintiff

2   would be at risk of attack due to these statements.  Because it fails to allege deliberate

3   indifference to a serious risk of harm by any defendant, plaintiff's complaint must be dismissed.

4   The court will, however, grant leave to file an amended complaint.

5          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

6   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

7   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

8   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

9   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

10  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

11  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

12  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

13  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14         Supervisory personnel are generally not liable under § 1983 for the actions of their

15  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

16  supervisorial position, the causal link between him and the claimed constitutional violation must

17  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

18  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

19         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

20  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  This is because, as a

22  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26  /////

27  /////

28  /////

4

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 12, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hous0887.14.new

5